The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, with the exception of ordering an independent medical examination to determine the extent of plaintiff's disability.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between the plaintiff and the defendant/employers.
3. Aetna Casualty and Surety Company is the carrier on risk for Crypt Systems, Inc.
4. Cigna Insurance Company is the carrier on risk for Martin Marietta, Inc.
5. The parties have submitted a Form 22 from which an average weekly wage will be determined.
6. The date of the alleged injury in this matter is September 8, 1992.
7. The parties stipulated as to a surveillance tape which has been marked as Defendants' Exhibit One.
8. The issues before this Commission are (i) whether the plaintiff sustained an injury by accident while in the course of his employment with Crypt Systems, Inc. or (ii) in the alternative did plaintiff aggravate a preexisting compensable injury to his back.
JUDICIAL NOTICE
Judicial notice is hereby taken of the Forms 21 and 26 in I.C. File Number 927654.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-six years old and had a ninth grade education.
2. Plaintiff has previously been employed as a gas station attendant, as a manual laborer, construction worker, and as a truck driver for both short and long-distance hauls.
3. On April 12, 1989, plaintiff was employed by the defendant, Martin Marietta Corporation, as an off-road truck driver when he suffered an admittedly compensable injury by accident arising out of and in the scope of employment. This injury was to his lower back. As a result of this injury, plaintiff underwent a total laminectomy and lumbar decompression at L5, as well as an interbody fusion from L5 through S1 performed by Lee A. Whitehurst, M.D. on August 7, 1989.
4. In November 1989, Dr. Whitehurst assessed a thirty percent permanent partial disability to plaintiff's back. Accordingly, a duly executed Form 26 was entered into by the plaintiff, Martin Marietta and Cigna, for the impairment assessment and plaintiff has been paid accordingly.
5. Plaintiff continued to work for Martin Marietta until his employment was terminated on December 7, 1990.
6. In 1991, plaintiff obtained employment with First Express as a truck driver. Plaintiff's primary responsibilities were to make a daily round trip delivery from Charlotte, North Carolina, to Princeton, North Carolina.
7. Plaintiff left his employ with First Express and was subsequently employed by Wendell Trucking Company. Plaintiff worked for Wendell Trucking Company for approximately one more month when he again left the employ because of lower back pain.
8. In March 1992, plaintiff was subsequently employed by Gibraltar Mausoleum. This job involved hanging shutters.
9. In June 1992, plaintiff obtained employment with Dixie Lawn Maintenance where he drove a tractor and mowed grass along North Carolina highways.
10. Plaintiff began his employment with Crypt Systems, Inc. in July or August of 1992.
11. Plaintiff's responsibilities for Crypt Systems were to erect bulk heads and walls. Plaintiff volunteered for a lot of physical labor in this position.
12. Plaintiff worked eight hours a day, five days a week and sometimes on Saturday.
13. On September 8, 1992, plaintiff was raising a wall for Crypt Systems. As the wall slipped, plaintiff felt a pull in his back and neck and pain in his back and neck.
14. Plaintiff was taken to Stephen Saleeby, D.C. by the employer. Stephen Saleeby, D.C. has continued to treat plaintiff from that date to the present.
15. On September 10, 1992, plaintiff returned to Dr. Whitehurst for an examination. Dr. Whitehurst determined that plaintiff injured his neck resulting in musculoskeletal pathology. Dr. Whitehurst authorized plaintiff to return to light duty work for two or three days and then to return to regular duties.
16. Also on September 10, 1992, Dr. Whitehurst determined that the incident of September 8, 1992 was not an aggravation of the April 12, 1989 compensable injury. Plaintiff's back had reached maximum medical improvement.
17. Plaintiff elected not to return to Crypt Systems contrary to Dr. Whitehurst's recommendations. Thereafter, he did not seek employment again until he worked for Kenly Tire in December of 1993. Plaintiff left this employ because of alleged aggravation to his lower back.
18. Dr. Whitehurst opined that the injury on September 8, 1992 is not causally related to the April 12, 1989 injury.
19. Having reviewed all of the evidence, plaintiff's work routine was interrupted when a wall slipped. Therefore, plaintiff sustained a new injury to his back by accident on September 8, 1992.
20. Plaintiff has received relief for this new injury from the treatment provided by Stephen Saleeby, D.C.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 8, 1992, plaintiff sustained an injury by accident arising out of and in the scope of his employment with defendant/employer, Crypt Systems. North Carolina General Statute Section 97-2(6).
2. Due to the widely disparate opinions expressed by the medical providers in this case, the Commission is unable to determine the extent of plaintiff's disability. The Commission therefore orders the taking of further evidence, as provided below, and withholds any decision as to any payment of compensation.
3. Plaintiff is entitled to receive medical treatment for his compensable injury of September 8, 1992, including treatment from Stephen Saleeby, D.C. North Carolina General Statute Section97-25.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants, Crypt Systems, Inc. and Aetna Casualty and Surety Company shall pay all medical expenses resulting from plaintiff's compensable injury on September 8, 1992.
2. Defendants shall pay the costs.
* * * * * * * * * * * * * *
Furthermore, the undersigned enter the following:
ORDER
It appearing that the Full Commission requires additional information to determine the extent of plaintiff's disability, it is hereby ORDERED that plaintiff shall submit to an independent medical examination with Dr. George C. Venters, a Raleigh Orthopedic Surgeon. Defendants shall arrange for an appointment within 60 days of the filing of this Opinion and Award. Counsel shall then have 30 days from the date of the examination to take the deposition of Dr. Venters, or stipulate to his medical records, and submit this material to the Commission for consideration. A further Opinion and Award will then be issued by the Commission.
This is the ________ day of July, 1997.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
S/ ___________________ PAMELA T. YOUNG DEPUTY COMMISSIONER